IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 08-cv-01769-LTB

JEYLANI SHARIF MOWLANA,

       Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General of the United States,
ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation,
MICHAEL CHERTOFF, Secretary, Department of Homeland Security,
JONATHAN SCHARFEN, Acting Director, United States Citizenship and Immigration Services, and
ROBERT MATHER, Denver District Director, United States Citizenship and Immigration Services,

       Defendants.
_____

**ORDER**
_____

      This immigration case is before me on Plaintiff, Jeylani Sharif Mowlana's, Complaint for Writ of Mandamus **[Docket # 1]**, Defendants' Motion to Dismiss [**Docket # 9**], Plaintiff's Response [**Docket # 12**], and Defendants' Reply [**Docket # 16**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, Defendants' Motion to Dismiss [**Docket # 9**] is GRANTED in part and DENIED in part.

### I.  BACKGROUND

      The determinative facts do not appear to be disputed. Plaintiff is a citizen of Somalia who was granted lawful permanent resident status in the United States in May 2003. Plaintiff filed a Form N-400 Application for Naturalization in August 2006. United States Citizenship

and Immigration Services ("USCIS") requested a name check from the Federal Bureau of Investigation ("FBI"), which was completed on August 25, 2008. Plaintiff has not yet been scheduled to appear before a USCIS officer for an examination—a necessary step in the naturalization process. *See* 8 U.S.C. § 1446.

Plaintiff now seeks a court order compelling USCIS to schedule his examination. Plaintiff alleges seven theories of relief: (1) violation of the Fifth Amendment Due Process Clause; (2) violation of the Immigration and Nationality Act, 8 U.S.C. § 1446; (3) relief under the mandamus statute, 28 U.S.C. § 1361; (4) unreasonable delay in violation of the Administrative Procedures Act; (5) failure to follow the notice-and-comment requirements of the Administrative Procedures Act; (6) declaratory relief; and (7) attorney fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendants seek to dismiss Plaintiff's claims for lack of subject matter jurisdiction.

Plaintiff now concedes he has not stated a claim under the Fifth Amendment. Accordingly, Plaintiff's due process claim is dismissed without additional discussion.

## II. STANDARDS OF REVIEW

### A. FED. R. CIV. P. 12(b)(1)

As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them the authority to hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, Rule 12(b)(1) directs a court to dismiss a complaint whenever it appears the court lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(b)(1) and 12(h)(3).

The burden of establishing subject matter jurisdiction is on the party asserting

jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). In cases against the United States, the plaintiff has the additional burden of proving the United States has unequivocally consented to suit in the court in which the case is brought. *See United States v. Testan*, 424 U.S. 392, 399 (1976); *Amoco Prod. Co. v. Aspen Group*, 25 F. Supp. 2d 1162, 1165 (D. Colo. 1998). When a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's factual allegations, but has discretion to consider affidavits and other evidence to resolve disputed jurisdictional facts. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

When resolution of the jurisdiction question is intertwined with the merits of the case—such that subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case—the court is required to convert the Rule 12(b)(1) challenge to a Rule 12(b)(6) motion or a Rule 56 summary judgment motion. *See Holt*, 46 F.3d at 1003. Defendants' motion argues both that Plaintiff fails to meet the required jurisdictional elements of the statutes under which he seeks relief, and that Plaintiff's claims are barred under the doctrine of sovereign immunity. Accordingly, Defendants' jurisdictional argument is "intertwined with the merits of the case." *See Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997); *Zerr v. Johnson*, 894 F. Supp. 372, 374–75 (D. Colo. 1995).

When the parties have submitted affidavits or other evidentiary materials addressing jurisdictional issues, the motion should be treated as one for summary judgment. *See United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1159–60 (10th Cir. 1999). Although, in some instances, the Court will notify the parties prior to converting a 12(b)(1) motion to a motion for summary judgment, notice will be implied where—as

3

here—each party has submitted evidence relating to matters outside the complaint. *See Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000). Whether the motion is considered under Rule 12(b)(1) or as a motion for summary judgment, however, the nonmovant's "burden remains essentially the same—they must present affidavits or other evidence sufficient to establish the court's subject matter jurisdiction by a preponderance of the evidence." *Hafter*, 190 F.3d at 1160 n.5.

### B. Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See*

*id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. Accordingly, Plaintiff must show material facts in dispute by a preponderance of the evidence. Plaintiff meets this burden if he sets forth evidence that—if believed by a factfinder—makes the question of jurisdiction more likely than not.

### III. ANALYSIS

"The burden is on the party claiming jurisdiction to show it by a preponderance of the evidence." *Hafter*, 190 F.3d at 1160. Where—as here—the motion to dismiss is treated as a motion for summary judgment, the burden is on the nonmoving party to allege the facts necessary to show jurisdiction and support those facts with competent proof. Plaintiff failed to respond to Defendants' motion to dismiss his claims under the notice-and-comments requirement of the Administrative Procedures Act, the Declaratory Judgment Act, and the Equal Access to Justice Act. Accordingly, I dismiss these three claims without further inquiry. *See id*. I address

5

the remaining claims below.

### A. Violation of the Immigration and Nationality Act, 8 U.S.C. § 1446

Under 8 U.S.C. § 1446(d), USCIS is required to conduct an examination of each applicant for naturalization and the "employee designated to conduct such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor." Plaintiff argues he has waited an unreasonable amount of time for his examination. Although the statute provides a cause of action for a claimant who has been subjected to examination—but, after a period of 120 days, has not had his application granted or denied—the statute provides no cause of action for a plaintiff who has not yet been subject to examination. *See* 8 U.S.C. § 1447(b); *see also Walji v. Gonzales*, 500 F.3d 432, 439 (5th Cir. 2007); *Saini v. Heinauer*, 552 F. Supp. 2d 974, 978–79 (D. Neb. 2008). Accordingly, summary judgment in favor of Defendants is appropriate for Plaintiff's claim under 8 U.S.C. § 1446.

### B. Action under the Mandamus Statute, 28 U.S.C. § 1361

The Mandamus Statute, 28 U.S.C. § 1361, provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus "is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). To establish federal jurisdiction over a mandamus action alleging unreasonable agency delay, Plaintiff must establish that (1) his claim is clear and certain; (2) the duty to process his claim is nondiscretionary; and (3) no other remedy is available. *See Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990); *Hernandez-Avalos v. I.N.S.*, 50 F.3d 842, 844 (10th Cir. 1995). Only the second prong of this

inquiry is genuinely in dispute. *See Lin v. Chertoff*, 522 F. Supp. 2d 1309, 1316 (D. Colo. 2007).

It cannot be doubted that Defendants owe Plaintiff a nondiscretionary duty to adjudicate his naturalization application in a reasonable amount of time. *See Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 50 (D.D.C. 2008); *Lin*, 522 F. Supp. 2d at 1316; *see also Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 69–72 (2004). Plaintiff still bears the burden, however, of showing "the delay in processing his application is unreasonable in light of the relevant facts and circumstances." *Lin*, 522 F. Supp. 2d at 1317. In this case—while Plaintiff's application has been pending since August 2006—the FBI did not complete its background check until August 2008. Because the FBI background check is a necessary prerequisite to scheduling an examination of an applicant, the earliest USCIS could have scheduled Plaintiff's examination was August 25, 2008—less than five months ago. *See* 8 C.F.R. § 335.2(b).

Plaintiff provides evidence showing the average processing time for naturalization applications is eight to nine months, but proffers no evidence from which a factfinder could conclude the less-than-five-month delay between the completion of the FBI background check and the scheduling of the USCIS examination was unreasonable. *See I.N.S. v. Miranda*, 459 U.S. 14, 18 (1982) (holding the passage of time, without more, is inadequate to show unreasonable delay); *Mashpee Wampanoag Tribe Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003). Accordingly, as the burden is on Plaintiff to show this less-than-five-month delay is "clear[ly] and indisputabl[y]" unreasonable—*see Lin*, 522 F. Supp. 2d at 1317—summary judgment is appropriate on Plaintiff's mandamus claim.

### C. Unreasonable Delay in Violation of the Administrative Procedures Act

Pursuant to the Administrative Procedures Act ("APA"), a person adversely affected by

an agency action is entitled to judicial review. *See* 5 U.S.C. § 702. Agency action includes the failure to act. *See* 5 U.S.C. § 551(13). Like Plaintiff's mandamus claim, however, Plaintiff's APA claim is premised on a theory of unreasonable delay. *See* 5 U.S.C. §§ 555(b) and 706(1); *Mashpee Wampanoag Tribe Council*, 336 F.3d at 1100; *see also Hamandi*, 550 F. Supp. 2d at 50–51 (discussing *Mashpee Wampanoag Tribe Council* in the context of an application for naturalization). As Plaintiff fails to proffer sufficient facts to show the less-than-five-month delay was unreasonable, summary judgment on Plaintiff's APA claim is likewise appropriate.

## IV. MOTION TO DISMISS FBI FROM CASE

Defendants argue this case should be dismissed as moot as it regards the FBI. Plaintiff, however, submits evidence showing the FBI investigation of his application remained ongoing as of October 8, 2008. *See* I-797 Notice of Action, Fingerprint Notification for Jeylani Sharif Mowlana [**Docket # 12, p. 14**]. While Defendants provide an affidavit dating January 8, 2009, asserting the FBI has completed its background check in this case [**Docket # 16-2**], a previously submitted affidavit acknowledges: "On occasion, depending on the results provided to USCIS by the FBI, USCIS may require additional followup and coordination with the FBI." [**Docket # 9-3, ¶ 39**]. Accordingly, Defendants' argument that Plaintiff's claims against the FBI are moot appears premature. Nonetheless, as all Plaintiff's claims are dismissed against all Defendants, Defendants' motion to dismiss the FBI from this case is denied as moot.

## V. CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss [**Docket # 9**] is GRANTED, in part, and DENIED, in part, as follows:

1. Summary judgment is GRANTED in favor of Defendants on all claims;

2. Defendants' motion to dismiss the FBI from this case is DENIED AS MOOT.

Dated: January   20  , 2009.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

9